UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


KELLY SERVICES, INC.,

       Plaintiff,

                                        Case No. 2:07-cv-14989

v.

                                        Hon. John Feikens

CYNTHIA EIDNES,

       Defendant.

---

| | |
|---|---|
| BUTZEL LONG | FRASER TREBILCOCK DAVIS & |
| By: James J. Giszczak (P46917) | DUNLAP, P.C. |
|     Katherine D. Goudie (P62806) | By: Michael P. Donnelly (P45221) |
| 150 West Jefferson, Suite 100 |     Anne B. Widlack (P35763) |
| Detroit, MI 48226 | One Woodward Ave., Suite 1550 |
| (313) 225-7000 | Detroit, MI 48226 |
| Attorneys for Plaintiff | (313) 237-7300 |
| | Attorneys for Defendant |

---

### PLAINTIFF'S RESPONSE TO DEFENDANT'S OBJECTIONS TO ORDER REGARDING CONTINUATION OF TEMPORARY RESTRAINING ORDER AND PRELIMINARY INJUNCTION ORDER

During the December 28, 2007 hearing on Defendant Cynthia Eidnes' ("Eidnes") Motion to Dismiss or Transfer Venue and Plaintiff Kelly Services, Inc.'s ("Kelly") Motion for Preliminary Injunction, this Court denied Eidnes' Motion and granted Kelly's Motion for Preliminary Injunction. In doing so, the Court indicated that it would be issuing a written opinion to support its conclusions. In particular, the Court indicated that the issues at hand were legal in nature, not factual, and that the law weighed heavily in Kelly's favor. Counsel for Eidnes also requested that it be made clear that the Temporary Restraining Order ("TRO"), which was issued by this Court on December 6, 2007 and by its terms continued in full force and

effect until further order of the Court, remain in full force and effect while the Court drafted its order.

After the hearing, Kelly submitted a proposed Order Regarding Continuation of TRO – which technically was unnecessary, but which Kelly submitted as a result of Eidnes' questioning in an e-mail to counsel and the Court clerk as to whether the terms of the TRO expired – and a proposed Preliminary Injunction Order. The Court on January 2, 2008 entered the Order Regarding Continuation of TRO. With regard to the original December 6, 2007 TRO, the Order Regarding Continuation of TRO merely stated that the TRO remained in full force and effect until further order of the Court, and granted no additional relief.

Two days later, on January 4, 2007, the Court entered the Preliminary Injunction Order, which contained the same terms that were in the TRO with the exception that the Preliminary Injunction Order remained in full force and effect until November 1, 2008 – one year from the date of Eidnes' termination of employment with Kelly. The parties currently await the issuance of the Court's opinion.

Eidnes objects to the entry of the Orders on three grounds: (1) they allegedly fail to comply with LR 58.1; (2) they allegedly provide relief beyond that ordered by the Court or contained within Kelly's Agreement with Eidnes; and (3) they allegedly fail to comply with Fed. R. Civ. P. 65 because the Court did not set forth the facts upon which the Orders were granted, and because and they are vague. None of those objections have merit, however, since the Orders were properly entered by the Court.

With regard to Eidnes' first objection, she plainly confuses the rule applicable to entry of orders in *Michigan* state courts, M.C.R. 2.602, with the rule governing *this* Court's entry of orders, LR 58.1. Unlike M.C.R. 2.602, which permits a court to unilaterally enter its order only "**at the time** of the hearing," LR 58.1(a) provides that this Court "may sign the judgment or

order at **or after the time it grants the relief** provided by the judgment or order" (emphasis added). Thus, while Eidnes objects to the Court's entry of Kelly's proposed orders, claiming that she was not provided an opportunity to object under LR 58.1(c), under LR 58.1(a) she had no such right. In entering the orders that simply memorialized the relief this Court had granted at the hearing, the Court was well within its authority and was not required to provide Eidnes with an opportunity to object.

Second, the orders do not provide relief beyond that ordered by the Court or contained in the parties' agreement. The Order Regarding Continuation of TRO merely states that the TRO shall remain in full force and effect, and the Preliminary Injunction Order contains the same restrictions and terms set forth in the TRO (with the exception of the November 1, 2008 duration). As the Court knows, the terms of the TRO were based specifically on Eidnes' Agreement with Kelly.

Third, Eidnes' objection regarding the supposed failure to comply with Fed. R. Civ. P. 65, is simply spurious. At the hearing, this Court plainly indicated that it planned to issue an opinion explaining its granting of Kelly's Motion for Preliminary Injunction and its denial of Eidnes' Motion to Dismiss or Transfer Venue. Eidnes' objection that the Orders are not supported by findings of fact is premature, and will be rendered moot once the Court issues its opinion.

Eidnes' objections to the Orders are wholly without merit. The Court should reject them, and let the Orders stand in full force and effect.

Respectfully submitted,

s/James J. Giszczak (P46917)
s/Katherine D. Goudie (P62806)
Butzel Long
150 West Jefferson, Suite 100
Detroit, MI 48226
313/983-7475
giszczak@butzel.com
goudie@butzel.com

Dated: January 7, 2008                    Attorneys for Plaintiff

## CERTIFICATE OF SERVICE

I hereby certify that on January 7, 2008, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the following: Michael P. Donnelly, Esq. and Anne B. Widlack, Esq., Fraser Trebilcock Davis & Dunlap, One Woodward Ave., Ste. 1550, Detroit, MI 48226.

<div style="margin-left: 50%;">

s/James J. Giszczak (P46917)
s/Katherine D. Goudie (P62806)
Butzel Long
150 West Jefferson, Suite 100
Detroit, MI 48226
313/983-7475
giszczak@butzel.com
goudie@butzel.com
Attorneys for Plaintiff

</div>

Dated: January 7, 2008

977545